UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                          CIVIL ACTION

VERSUS                                 NO: 08-19

MICHAEL HENRY                          SECTION: R(5)


**ORDER**

Before the Court is defendant Michael Henry's motion for recusal.  The Court DENIES defendant's motion as untimely and because it is without merit.

*i.   Background*

Michael Henry sent a threatening email to a United States district judge and several other government employees.  (R. Doc. 2.)  For this he was indicted with four counts of threatening to assault a federal official. (R. Doc. 35.)  Henry pleaded guilty to all charges, and this Court sentenced him to sixteen months as to each count, to run concurrently.  (R. Doc. 48.)  On October 10, 2008, this Court certified that defendant's request to appeal *in forma pauperis* was frivolous and not in good faith pursuant to

Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. §
1915(a)(3).  Defendant filed this motion to recuse on October 23,
2008, along with several other motions.

Defendant has asked that this section of the Court recuse
itself based on the alleged involvement of the Judge's spouse, as
opposing counsel, in previous civil litigation involving
defendant.  Defendant argues that recusal is required because
(1)the Judge's spouse received substantial legal fees and
therefore profited from litigation involving defendant, and (2)
during a deposition in that litigation, defendant told the
Judge's spouse to "go get a room" when another male attorney
"kept interrupting" the deposition.  Defendant contends that he
told the Judge's spouse that he was implying that he was a
homosexual.  According to defendant, "[t]his is clear grounds for
Judicial Bias...."

*ii.  Timeliness*

Henry's recusal motion comes more than three months after
this Court entered judgment against him.  The Fifth Circuit has
stated that "one seeking disqualification must do so at the
earliest moment after knowledge of the facts demonstrating the
basis for such disqualification." *Travelers Ins. Co. v.
Liljeberg Enters., Inc.*, 39 F.3d 1404, 1410 (5th Cir. 1994).
Although the Fifth Circuit has not established a *per se* rule on

2

timeliness "[t]he most egregious delay-the closest thing to *per se* untimeliness-occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal." *United States v. Stanford*, 157 F.3d 987, 988-89 (5th Cir. 1998); *See also Hirczy v. Hamilton*, No. 05-20213, 05-20348, 2006 WL 1816372 at *3 (5th Cir. 6/29/2006)(stating that party "committed the worst type of delay by knowing facts that allegedly might lead to recusal but waiting until after he received an unfavorable ruling to file his motion to recuse").

The facts concerning both defendant's asserted grounds for recusal were known to him from the onset of these proceedings, yet defendant failed to move for recusal until after the Court entered judgment in his criminal case and denied his *pauper* application.  In an apparent effort to circumvent the timeliness requirement, defendant asserts that he told his lawyer to file a recusal motion at trial, and that his attorney falsely informed him that the motion was submitted and denied.  Defendant, however, has not attached any thing of evidentiary significance to support this unsworn assertion.  Defendant is college educated, a veteran of litigation, and was represented by experienced, retained counsel.  Without *some* proof, the Court

3

does not accept defendant's self-serving assertion that
defendant's trial counsel lied to defendant about filing his
recusal motion.  Because the Court finds that defendant's post-
conviction recusal motion is untimely, denial of the motion is
proper on that basis alone.

   *iii. Defendant's Ground for Recusal*

   Even if defendant's recusal motion were timely, recusal is
not required here.  The federal recusal statute requires recusal
in several instances, including when a "person within the third
degree of relationship" to the Judge has a financial interest in
the outcome of the proceeding and when the judge has a personal
bias towards a party.  28 U.S.C. § 455(b)(1),(5)(iii).  In
addition, section 455(a) of the recusal statute, which the
Supreme Court has called a "'catchall' recusal provision", *Liteky
v. United States*, 510 U.S. 540, 548 (1994), states:  "Any
justice, judge, or magistrate judge of the United States shall
disqualify himself in any proceeding in which his impartiality
might reasonably be questioned."  28 U.S.C. § 455(a).  Section
455(a) focuses on the *appearance* of bias or prejudice rather than
the judge's actual state of mind.  *Liteky v. United States*, 510
U.S. 540, 548 (1994).  The test is "whether a well-informed,
thoughtful and objective observer would question the court's
impartiality."  *Trust Company of Louisiana v. N.N.P. Inc.*, 104

F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155-58 (5th Cir. 1995)).  In other words, the party seeking recusal "must show that if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1165 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983); *see also In re Billedeaux*, 972 F.2d 104, 105 (5th Cir. 1992); *In re Faulkner*, 856 F.2d 716, 720 (5th Cir. 1988) (per curium).

The Court finds no basis for recusal on either ground asserted by defendant.  With respect to defendant's first charge of bias, any civil litigation involving both the Judge's spouse and defendant terminated well before defendant's indictment in this matter, and fees earned in prior litigation do not give the Judge's husband "an interest that could be substantially affected by the outcome" of defendant's *current* criminal case.  28 U.S.C. § 455(b)(5)(iii); *Cf. U.S. v. Gaudet*, 20 F.3d 1170, fn. 6 (5th Cir. 1994)(per curiam)("Under § 455(b)(5), disqualification is mandated only if the relative acted as a lawyer in the *instant* proceeding.")(emphasis in original).  Neither the Judge's spouse, his client nor his law firm is involved in this proceeding, and the Judge's husband does not stand to gain or lose anything by defendant's conviction.  The Fifth Circuit has stated that a

5

"'remote, contingent, or speculative' interest is not one "which reasonably brings into question a judge's partiality." *In re Billedaux*, 972 F.2d 104, 106 (5th Cir. 1992)(*quoting In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2nd Cir. 1988)). Here, neither the Judge nor her husband has *any* financial interest in defendant's conviction, and recusal based on the Judge's husband's engagement by a client in an unrelated, earlier case involving defendant is unwarranted. *See Garner v.* Scott, 59 F.3d 1242 (5th Cir. 1994)(per curiam)(no recusal necessary based on judge's spouse's involvement as counsel in earlier proceeding involving defendant); *United States v. Gaudet*, 20 F.3d 1170 (5th Cir. 1994)(failure to recuse upheld where judge's daughter previously represented defendant in unrelated proceeding); *United States v. Miranne,* 688 F.2d 980, 985 (5th Cir. 1982)(Judge not required to recuse where son represented client adverse to defendant on prior occasion).

The Court has found no case addressing facts similar to defendant's second accusation of bias, but this is unsurprising. "[E]ach § 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995). Defendant's brief exchange with the Judge's spouse during a deposition would not cause a reasonable person to question the

Court's impartiality.  In the more serious context of a criminal defendant's death threats to a judge, the Fourth Circuit did not require recusal where the threats "were not taken seriously" and the judge did not "stray[] from his normal procedures." *United States v. Hairston*, 38 Fed. Appx. 884, 886 (4th Cir. 2002). Suffice it to say, the undersigned has not taken defendant's comments to her husband seriously, and the Court has not deviated from standard procedures in defendant's case.

*iv.  Conclusion*

Defendant's recusal motion is without merit, and in any event comes too late.  It is therefore DENIED.

New Orleans, Louisiana, this <u>5th</u> day of December, 2008

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE