UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 08-19

MICHAEL F. HENRY                            SECTION: R

## ORDER AND REASONS

Before the Court is defendant Michael Henry's motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1]
Also before the Court are Henry's motions for recusal[2] and for
change of venue.[3]  For the following reasons, the motions are
DENIED.

## I.    BACKGROUND

In December 2007, Henry sent a threatening email to a United
States district judge and other government officials involved in

---

[1]    (R. 88.)

[2]    (*Id.*)

[3]    (R. 90.)

his litigation with the Internal Revenue Service (IRS).[4]  Henry
was indicted on four misdemeanor counts of attempting to
interfere with the administration of the Internal Revenue Laws in
violation of 26 U.S.C. § 7212(a).[5]  A plea of not guilty was
entered at Henry's arraignment on February 1, 2008.[6]  On March
13, 2008, the government issued a four-count superseding
indictment for threatening public officials under 18 U.S.C. §
115.[7]  Henry entered into a plea agreement with the Government in
which he agreed to plead guilty to all four counts of the
superseding indictment in exchange for the Government's agreement
not to bring any other criminal charges against him.[8]  In his
plea agreement, Henry agreed to waive his right to directly
appeal or collaterally challenge his conviction and sentence,
except that he reserved his rights to directly appeal a sentence
in excess of the statutory maximum or bring a post conviction
claim if he established that ineffective assistance of counsel
directly affected the validity of his guilty plea or his waiver
of appeal and collateral challenge rights.[9]

---

[4]    (R. 39, 40.)

[5]    (R. 18.)

[6]    (R. 41.)

[7]    (R. 35.)

[8]    (R. 40.)

[9]    (*Id.*)

On March 19, 2008 the Court conducted Henry's rearraignment proceeding. During the proceeding, the Court discussed the implications of Henry's guilty plea and the rights Henry was relinquishing as a result.[10] The government outlined the terms of Henry's plea agreement, and the Court specifically asked Henry if he understood that he was waiving his right to appeal his conviction and sentence, including his right to bring any postconviction proceedings, except with respect to claims that ineffective assistance of counsel directly affected the validity of his guilty plea or his wavier of appeal and collateral challenge rights.[11] Henry replied affirmatively.[12] The Court also inquired about the performance of Henry's attorney:

> THE COURT: Have you had sufficient time to discuss your case with your lawyer?
>
> DEFENDANT HENRY: Yes, Your Honor.
>
> THE COURT: Are you satisfied with the advice and services your lawyer has given you?
>
> DEFENDANT HENRY: Yes, Your Honor.[13]

---

[10] (R. 78 at 5-8.)

[11] (*Id.* at 9-11.)

[12] (*Id.*)

[13] (*Id.* at 12-13.)

After accepting the factual basis for Henry's guilty plea,[14] the Court again asked Henry if he understood the consequence of pleading guilty and if his guilty plea was voluntary:

> THE COURT: Do you fully understand the consequences of pleading guilty?
>
> DEFENDANT HENRY: Yes, Your Honor.
>
> THE COURT: Are you pleading guilty because you are, in fact, guilty?
>
> DEFENDANT HENRY: Yes, Your Honor.
>
> THE COURT: Are you pleading guilty voluntarily and of your own free will?
>
> DEFENDANT HENRY: Yes, Your Honor.[15]

On July 9, 2008, Henry was sentenced to sixteen months imprisonment followed by three years of supervised release.[16] The Court again discussed the waiver of appeal and collateral challenge rights in Henry's plea agreement:

> THE COURT: In your plea agreement, you agreed to waive your right to appeal your sentence unless it was in excess of the statutory maximum or an upward departure from the guideline range the Court deemed appropriate. Because the sentence I

---

[14]     (*Id.* at 14.)

[15]     (*Id.* at 15.)

[16]     (R. 21.)

have imposed is below the statutory maximum and within the
guideline range, you have no right to appeal your sentence
for any ground other than ineffective assistance of counsel.
Do you understand that?

DEFENDANT HENRY: Yes, Your Honor.[17]


A mere five days after his sentencing hearing, Henry filed a
notice of appeal asserting that his attorneys were ineffective
because they did not enter a guilty plea at his initial
arraignment proceeding.[18]  On October 8, 2008, the Court denied
Henry's applications to proceed *in forma pauperis* and for court
appointed appellate counsel because his appeal was frivolous.[19]
The Court reasoned that Henry's plea agreement had waived all
ineffective assistance of counsel claims except those "directly
affect[ing] the validity of [his] waiver of appeal and collateral
challenge rights or the validity of the guilty plea itself," and
that Henry did not claim on appeal that ineffective assistance
directly affected his appeal waiver or plea to the superseding
indictment.[20]  The Court alternatively reasoned that the Fifth
Circuit generally does not review claims of ineffective

---

[17]    (R. 79 at 12.)

[18]    (R. 49.)

[19]    (R. 49, 57, 68.)

[20]    (R. 57 at 3.)

assistance of counsel on direct appeal.[21]  Henry filed another

notice of appeal on November 3, 2008, and the Fifth Circuit

dismissed Henry's appeal as frivolous on October 2, 2009.[22]

Henry's notice of appeal was followed by two recusal

motions.[23]  The first was denied both because it was untimely and

also because it lacked merit.[24]  The second was denied on

jurisdictional grounds because Henry's case had been closed and

there was no longer any pending proceeding from which to

recuse.[25]

Henry, now completing a term of supervised release, has

moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence.[26]  Henry has also filed a third recusal motion[27] and a

motion for change of venue,[28] which in essence is a fourth

recusal motion.  For the following reasons, the motions are

DENIED.

---

[21]    (*Id.* at 4.)

[22]    (R. 86.)

[23]    (R. 61, 71.)

[24]    (R. 67.)

[25]    (R. 75.)

[26]    (R. 88.)

[27]    (*Id.*)

[28]    (R. 90.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[29]  Section 2255 identifies only four bases on which the motion may be made:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[30]  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes a "fundamental" error that "renders the entire proceeding irregular or invalid."[31]

When a section 2255 motion is filed, the Court must first conduct a preliminary review.[32]  "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion."[33]  If the motion raises a non-

---

[29]    28 U.S.C. § 2255(a).

[30]    *Id.; see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[31]    *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

[32]    Rules Governing Section 2255 Proceedings, Rule 4(b).

[33]    *Id.*

frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[34]  After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[35]  An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[36]  Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[37]

The petitioner bears the ultimate burden of establishing his claims of error by a preponderance of the evidence.[38]  For certain "structural" errors, relief follows automatically once the error is proved.[39]  For other "trial" errors, the court may grant relief only if the error "had substantial and injurious

---

[34]    *Id.*

[35]    Rues Governing Section 2255 Proceedings, Rule 8.

[36]    28 U.S.C. § 2255(b).

[37]    *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (same).

[38]    *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[39]    *See Burgess v. Dretke*, 350 F.3d 461, 471 (5th Cir. 2003).

8

effect or influence" in determining the outcome of the case.[40]
If the court finds that the prisoner is entitled to relief, it
"shall vacate and set the judgment aside and shall discharge the
prisoner or resentence him or grant a new trial or correct the
sentence as may appear appropriate."[41]

## III. DISCUSSION

### A.   Henry's § 2255 Motion

####      1.   Applicable Law

Henry's plea agreement waived all of his collateral
challenge rights, except for claims that ineffective assistance
of counsel directly affected the validity of his waiver of these
rights or the validity of the plea agreement itself.[42]   The
record amply demonstrates that Henry understood the terms of his
plea agreement, and that he entered into it knowingly and
voluntarily.   The Court holds Henry to his bargain,[43] and finds

---

[40]     *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see
also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999)
(applying *Brecht* harmless error standard in section 2255
proceeding).

[41]     28 U.S.C. § 2255(b).

[42]     (R. 38.)

[43]     *See, e.g.*, *United States v. Portillo*, 18 F.3d 290, 293
(5th Cir. 1994) ("We hold, therefore, that when the record of the
Rule 11 hearing clearly indicates that a defendant has read and
understands his plea agreement, and that he raised no question
regarding a waiver-of-appeal provision, the defendant will be
held to the bargain to which he agreed, regardless of whether the

that Henry has waived all claims of ineffective assistance of counsel, except claims that ineffective assistance directly affected the validity of his waiver of collateral challenge rights or the validity of his plea agreement itself.

Under *Strickland v. Washington*,[44] to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency.[45] If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong.[46] It does not matter for Sixth Amendment purposes whether counsel was retained or appointed.[47]

---

court specifically admonished him concerning the waiver of appeal."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (explaining that when a plea is knowing and voluntary, there is "no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement"); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (holding that defendant may waive right to appeal as part of plea bargain agreement as long as waiver was knowing and voluntary).

[44] 466 U.S. 668, 687-96 (1984).

[45] *Id.* at 687-96.

[46] *See id.* at 697; *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

[47] *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

With respect to *Strickland*'s "deficiency" prong, the Fifth Circuit has held that trial counsel's performance must be judged against "an objective standard of reasonableness, mindful of the strong presumption of adequacy."[48] "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention,"[49] but a "conscious and informed decision on trial tactics and strategy" will not be considered deficient unless it is "so ill chosen that it permeated the entire trial with obvious unfairness."[50] In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time of trial.[51]

With respect to *Strickland*'s "prejudice" prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[52] A reasonable

---

[48] *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

[49] *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).

[50] *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005).

[51] *See Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998).

[52] *Strickland*, 466 U.S. at 694.

probability is "a probability sufficient to undermine confidence in the outcome."[53]

## 2. <u>Application</u>

### (a) *Henry's Arraignment*

Henry contends that his attorney was ineffective because he should have entered a guilty plea at his initial arraignment proceedings on February 1, 2008. According to Henry, had he pleaded guilty at his initial arraignment, the Government would not have been able to file a superseding indictment charging him with more serious crimes. This Court and the Fifth Circuit have already determined that this claim is frivolous,[54] and the Court does so again.[55]

First, Henry is not entitled to raise *any and all* ineffective assistance claims in this § 2255 motion, but rather only claims that ineffective assistance "directly affected" the validity of his plea agreement and waiver of collateral challenge rights.[56] Put differently, Henry may not raise claims that "he

---

[53] *Id.*

[54] (R. 57, 86.)

[55] *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (holding that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions").

[56] *White*, 307 F.3d at 343.

12

received ineffective assistance of counsel at stages of the proceedings *other than* the plea or waiver itself."[57] Yet this is precisely what Henry has done:  Henry contends that he received ineffective assistance at his initial arraignment proceedings, but Henry has not put forward any evidence that his counsel's assistance at this initial stage "directly affected" his later decision to enter into a plea agreement and waive his collateral challenge rights.  "A knowing and intelligent waiver should not be so easily evaded."[58]  Because Henry's waiver was knowing and voluntary, the waiver is enforceable, and Henry's ineffective assistance claim has been waived.

Even if Henry's claim had not been waived, which it has, it goes nowhere.  There simply is no evidence that Henry wanted to plead guilty at his initial arraignment.[59]  The Magistrate Judge explained the sentence Henry faced if he pleaded guilty to the original indictment, and thus Henry was aware of his option to plead guilty.  Henry was not shy about interjecting himself into the proceedings when he thought it to be in his interest, as in asking for access to a library and computers to pursue his civil litigation, yet Henry never attempted to plead guilty.  Henry's assertion that the Magistrate Judge "ignored and did not even

---

[57]    *Id.* at 341.

[58]    *Id.* at 344.

[59]    (*See* R. 41.)

allow [him] to enter any plea"[60] is flatly contradicted by the transcript of the arraignment proceedings.[61] In any event, Henry was represented by not one but two lawyers at his initial arraignment, one of whom was a former Assistant United States Attorney who was fully versed in criminal procedure. Despite Henry's numerous opportunities to express his purported desire to plead guilty, he never did. The only plausible conclusion from the record is that Henry did not in fact have a desire to plead guilty.

The record also does not indicate that Henry's counsel could or should have known at the initial arraignment that the Government would file a superseding indictment with more serious charges.[62] Without the distorting effects of hindsight, Henry's plea of not guilty was an objectively reasonable defense strategy. For example, pleading not guilty afforded Henry an opportunity to obtain discovery and to negotiate a better deal for himself on the original charges. That this strategy ultimately may not have worked to Henry's benefit does not make it "so ill chosen that it permeates the entire [case] with

---

[60]    (R. 88 at 2.)

[61]    (R. 41.)

[62]    *Cf. Smith v. Scott*, 41 F.3d 664, at *2 (5th Cir. 1994) (rejecting ineffective assistance claim when petitioner pleaded guilty based on erroneous belief that Government's plea offer would remain open because claim implicated only petitioner's subjective belief and not counsel's conduct).

obvious unfairness."[63]  It is not at all unusual for the
Government to supersede an indictment, and this is simply one of
the inherent risks of pleading not guilty at an initial
arraignment.

Lastly, to the extent Henry claims that he received
ineffective assistance of counsel in deciding whether to enter
into a plea agreement,[64] this claim is contradicted by the record
and lacks any independent indicia of merit.  At his
rearraignment, Henry stated on the record that he was "satisfied
with the advice and services" of his lawyers.[65]  At his
sentencing, Henry "fully accept[ed] the responsibility for [his]
conduct, stated that he understood the nature of his waiver of
appeal and collateral challenge rights, and did not attempt to
withdraw his guilty plea.[66]  Yet a mere five days later, Henry
filed a notice of appeal asserting that his attorneys had been
ineffective because they advised him that he would be able to
challenge his initial arraignment proceedings after pleading
guilty.[67]  As an initial matter, Henry's assertion lacks any
evidentiary basis and is implausible in light of Henry's earlier

---

[63]    *Martinez*, 404 F.3d at 885.

[64]    (*See* R. 60.)

[65]    (R. 78 at 12-13.)

[66]    (R. 79.)

[67]    (R. 49, 57.)

sworn representations to the Court. Moreover, the peculiar timing of Henry's notice of appeal suggests that he knew full well the meaning and implications of his plea agreement. After all, if Henry truly did not understand that he had waived his right to challenge his initial arraignment proceedings, he could not have formulated an ineffective assistance claim so quickly. In short, Henry's inconsistent representations to the Court negate any independent indicia of the likely merit of his allegations, and they must be rejected.

Because Henry has failed to produce any independent indicia of the likely merit of his allegations, he is not entitled to an evidentiary hearing, and his § 2255 motion is DENIED.

(b) *Ineffective Assistance of Trial and Appellate Counsel; Conflict of Interest*

Henry asserts that his trial counsel was ineffective for not filing a motion for the undersigned to recuse herself from this matter, and that his appellate counsel was ineffective for not raising this issue on appeal. These contentions fail on the merits. The undersigned has already determined that she was not required to recuse herself from Henry's case,[68] and the Fifth Circuit upheld this determination on direct appeal.[69] Because

_____

[68]    (R. 67; *see also* R. 75.)

[69]    *See Kalish*, 780 F.2d at 508.

16

recusal is not and was not required, the failure of Henry's counsel to pursue this argument did not fall below reasonable professional standards, and it also did not result in any prejudice to Henry.[70]  Henry's § 2255 motion is DENIED.

### (c)  *Prosecutorial Misconduct*

Henry asserts that the prosecution used perjured affidavits to secure search and arrest warrants.  Henry does not identify the nature of the alleged perjury, however, nor does he provide any "independent indicia" of the likely merit of his allegations.[71]  In any event, Henry does not connect the prosecution's alleged perjury to his counsel's effectiveness, the validity of his plea agreement, or the validity of his waiver of collateral challenge rights.  Henry has waived his claim of prosecutorial misconduct, and his § 2255 motion is DENIED.

### (d)  *Access to Law Library*

Henry asserts that he was denied sufficient access to legal materials while incarcerated in Orleans Parish Prison.  Henry was, however, represented by retained trial counsel and court-appointed appellate counsel in his criminal proceedings.[72]  Henry

---

[70]    (R. 62, 86.)

[71]    *Cervantes*, 132 F.3d at 1110.

[72]    (R. 72.)

stated at his rearraignment that he was satisfied with his

counsel's services,[73] and Henry does not contend that his alleged

lack of access to a law library had a negative impact on his

criminal case.  Because Henry had access to counsel, and also

because there is no evidence that Henry's alleged lack of access

to a law library negatively impacted his criminal case, Henry's

constitutional right of access to the courts was not violated.[74]

To the extent Henry contends that he was prejudiced in civil

litigation unrelated to his sentence or conditions of

---

[73]    (R. 78 at 12-13.)

[74]    *See, e.g.*, *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th
Cir. 1999) (holding that to secure relief, defendant "must
demonstrate actual injury"); *Boyd v. Nowack*, Civ. A. No. 09-7639,
2010 WL 892995, at *2 (E.D. La. Mar. 11, 2010) (collecting
authorities).

confinement,[75] this is not a constitutional issue.[76]  Henry's §
2255 motion is DENIED.


**B.    Certificate of Appealability.**

The Rules Governing Section 2255 Proceedings provide that
"[t]he district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Before entering the final order, the court may direct
the parties to submit arguments on whether a certificate should
issue."[77]  A court may issue a certificate of appealability "only
if the applicant has made a substantial showing of the denial of
a constitutional right."[78]  In *Miller-El v. Cockrell*, the Supreme

---

[75]    (*See* R. 4, 41 at 6.)

[76]    *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (The
Constitution does not "guarantee inmates the wherewithal to
transform themselves into litigating engines capable of filing
everything from shareholder derivative actions to slip-and-fall
claims.  The tools it requires to be provided are those that the
inmates need in order to attack their sentences, directly or
collaterally, and in order to challenge the conditions of their
confinement.  Impairment of any other litigating capacity is
simply one of the incidental (and perfectly constitutional)
consequences of conviction and incarceration."); *Jones v.
Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (observing that
right of access to the court "encompasses only a reasonably
adequate opportunity to file nonfrivolous legal claims
challenging their convictions or conditions of confinement");
*Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997) (holding
that secondary legal activity not protected by constitution).

[77]    Rules Governing Section 2255 Proceedings, Rule 11(a).

[78]    28 U.S.C. § 2253(c)(2).

Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[79] With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[80]

For the reasons already discussed, no reasonable jurist could conclude that Henry's § 2255 petition deserves encouragement to proceed further. The Court DENIES a certificate of appealability.

## C.    Recusal Motion

Henry has filed a third motion for recusal. The Court DENIES the motion for the same reasons that it denied Henry's

---

[79]     537 U.S. 322, 336 (2003) (internal quotations omitted).

[80]     *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007).

first and second recusal motions,[81] and also because the Fifth

Circuit has already rejected Henry's arguments as frivolous.[82]

## D.   Motion for Change of Venue

Henry's motion for change of venue is in essence a fourth

motion for recusal.  As the Court has repeatedly held, the

undersigned is not biased or prejudiced against Henry, and

recusal or change of venue is not appropriate.  The Court DENIES

Henry's motion for change of venue.

## E.   Further Motions

Henry has effectively filed four separate motions for

recusal making the same meritless arguments, and he filed two of

them after the Fifth Circuit rejected his arguments as frivolous.

The Court has authority to "structure sanctions necessary or

warranted to control its docket and maintain the orderly

administration of justice."[83]  The Fifth Circuit has specifically

---

[81]   (R. 67, 75.)

[82]   (R. 82, 86.)

[83]   *Goldgar v. Office of Admin., Exec. Office of the
President*, 26 F.3d 32, 36 n.3 (5th Cir. 1994); *see also* Fed. R.
Civ. P. 11(c)(4).

observed that sanctions are appropriate when a litigant files "motion after motion . . . lacking in substance."[84]

Henry is hereby warned that if he files another frivolous pleading in this Court, he will be subject to sanctions, including the imposition of a fine and/or an injunction against further filings without leave of the Court.

## IV. CONCLUSION

For the reasons stated, Henry's motions are DENIED, and the Court DENIES a certificate of appealability.

New Orleans, Louisiana, this 27th day of July, 2010.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[84] *Whittington v. Lynaugh*, 842 F.2d 818, 819 (5th Cir. 1988).